Every Nixon v. The State.

No. 7649. Decided June 20, 1923.

1.—Rape—Statement of Facts—Practice on Appeal.

Where the statement of facts was prepared on an order of the court on a pauper's affidavit, the same will be considered on appeal in view of the death penalty assessed. and the consideration of the objectionable part thereof will be omitted.

2.—Same—Confession—Signature of Defendant—Attesting Witnesses.

Where the defendant was unable to sign his name, but made his mark to the alleged confession, and the instrument at that time was signed by two peace officers as witnesses, and more than two months thereafter two other witnesses were permitted to sign their names thereto who were present at the time the confession was made but were not called upon then to sign as witnesses, the confession is inadmissible in evidence, as the same was not properly executed. Following Richardon v. State, 244 S. W. Rep. 1021.

Appeal from the District Court of Fannin. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of rape; penalty, death.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for rape with the death penalty.

The State through her Assistant Attorney General has filed a motion to strike out the statement of facts on the ground that it contains many questions and answers, together with objections made, arguments thereon and the ruling of the court with reference thereto. These matters properly have no place in the record. (Fenton v. State, No. 7212, opinion delivered February 7th, 1923, Jenkins v. State, No. 7210, opinion delivered February 7th, 1923.)

We find in the transcript an affidavit made by appellant under the statute (Art. 845a, C. C. P.) that he had no means with which

to pay for a record and a request that the court reporter be directed by the judge to prepare a statement of facts in order that he might perfect his appeal, also an order of the court directing that this be done. The statement of facts appears to have been prepared under this order. Under these circumstances, and because of the death penalty having been assessed we are not inclined to strike out the entire statement of facts, but deem the proper course to take no cognizance of those things which should have been omitted and to consider the remainder thereof, and in dealing with the case this will be done.

The facts developed upon the trial are so revolting that we do not give them in detail. Bernice Traylor, the alleged injured female, was a little negro baby thirteen months of age. Her mother and appellant, who is also a negro, were picking cotton in the same neighborhood. On the day the offense is alleged to have been committed Bernice was left by her mother with two children about eight and ten years old while she went to the field to work. It is not clear from the record whether or not appellant was working in the same field with the mother of Bernice; but at any rate, on this day he complained of being sick and left the field and came to the house where the baby and two small children were. These children left the baby at the house and went away for some purpose, appellant being the only other person at the house at the time. Upon the return of the children appellant was gone; they discovered something wrong with the baby and gave the alarm. The horrible condition in which the child was left, not necessary to repeat here, was detailed by physicians who made an examination of it. That penetration of the person of the baby had been accomplished is not left in doubt, with the result which would be expected from such an act upon a child of that age by a grown man. Circumstances detailed by the witnesses all pointed to appellant as the guilty party. The introduction in evidence of appellant's confession is made the subject of a number of bills of exception. As offered in evidence the confession appears to have been signed by appellant by making his mark, and by W. B. Leeman, D. A. Evans, T. J. Kincaid and J. H. Thompson as witnesses. Objection was made to the introduction of the confession on the ground that it was not taken in compliance with that clause of Article 810 C. C. P. which reads:

"Provided, that where the defendant is unable to write his name and signs the statement by making his mark, such statement shall not be admitted in evidence, unless it be *witnessed* by some person other than a peace officer, *who shall sign the same as a witness.*"

The confession was taken on July 6th. Appellant was unable to sign his name, but made his mark; the instrument at that time was signed by only Leeman and Evans as witnesses; they were both peace officers. On the day the case was tried, and more than two months

after appellant, Leeman and Evans had signed the statement, the signature of Kincaid and Thompson were placed upon the instrument. They were present at the time the confession was made, but were not called upon then to sign as witnesses. The question then is, does the subsequent affixing of their signatures authenticate the document so as to render it admissible? The word "witnessed" means the same as "attested," and includes both the mental act of observing and the mechanical one of subscribing. (Cyc. Vol. 40, page 2132, and authorities cited.) Our statute leaves this question beyond dispute. It not only uses the term "witnessed," but goes further, and says it must be witnessed by some person other than a peace officer " who shall sign the same as a witness." When shall he sign it? In Richardson v. State, 92 Texas Crim. Rep., 526, 244 S. W. Rep., 1021, we said:

"As we conceive it, the admissibility of a written confession is governed, in the main, by the general rules of evidence touching the admissibility of documents, one of these requiring proof of execution."

One of the formalities necessary to the execution of a confession by one unable to sign his name, is that it must be witnessed, that is, authenticated by some person who is not a peace officer. Until this is done the confession does not become an executed document. In contemplation of the law it is nothing. When appellant affixed his signature by making his mark, and the two peace officers signed their names as witnesses the formality of executing the document was completed. The officer taking it evidently thought he had complied with the law. In this condition its admission in evidence was inhibited by the statute, although it had been made and turned over to the officer as a completed instrument. The subscribing witness, where the confessor cannot sign his name, is as much of a necessity and formality under the statute as the warning required to be given, and both must appear in the instrument. After this purported confession came into the hands of the prosecuting officers, lifeless for lack of signatures of proper witnesses, they could no more breathe life into it by subsequently having the signatures affixed in the absence of and without the consent of the maker of it, than they could have written into it an omitted warning, or any other essential element the absence of which rendered it inadmissible.

The admission of the confession was error which demands a reversal of the judgment. Without it the case made against appellant was by proof of circumstances. We are not to be understood as holding them insufficient in the absence of the confession, but we cannot say but that the confession may have contributed to bring about the extreme penalty inflicted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*