WILLIE SANDERS, ALIAS SON AVERY, V. THE STATE.

No. 10826.   Delivered March 30, 1927.

**Theft From the Person—Confession of Defendant—Improperly Admitted.**

Under Art. 727, C. C. P., relating to confessions, it is provided "If the defendant is unable to write his name, and signs the statement by making his mark, such statement shall not be admitted in evidence, unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness." Appellant's confession in this case was signed by making his mark, and was witnessed only by four peace officers. It should not have been admitted in evidence. See Richardson v. State, 92 Tex. Crim. Rep. 526; Dixon v. State, 95 Tex. Crim. Rep. 126.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for theft from the person, penalty two years in the penitentiary.

The opinion states the case.

*C. C. McKinney* of Cooper, for appellant. On sufficiency of written confession, appellant cites: Cain v. State, 18 Tex. Crim. Rep. 387; Greer v. State, 31 Tex. Crim. Rep. 129, and Thomas v. State, 32 S. W. 77.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of theft from the person, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was charged with stealing from the person of one Alice Carson, while she was asleep in the depot at Greenville, Texas, a purse and $7.00 in money. The prosecuting witness made complaint to the officers and the appellant was arrested on the following day. Appellant made a written confession to the County Attorney admitting the theft, and being unable to read and write, he signed his name to the confession by making his mark. This signature was witnessed by four peace officers.

The record contains ten bills of exception, but after a careful examination of same we are of the opinion that bill No. 8 presents the only serious question for the consideration of this court. This bill complains of the introduction of the appellant's confession in evidence by the state, the objection urged being that appellant signed said confession by making his mark thereon, being unable to read and write, and that said signature (mark) was not witnessed by some person other than a peace officer, as required by Art. 727, C. C. P., which states, among other things:

"If the defendant is unable to write his name and signs the statement by making his mark, such statement shall not be admitted in evidence unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."

The facts in the instant case fall squarely within the provisions of the statute quoted. When appellant's written confession was offered by the state and properly objected to by appellant, it devolved upon the state to prove the facts which rendered said confession admissible, and the state having failed to show that the confession was witnessed by some person other than a peace officer, said confession was erroneously admitted in evidence over appellant's objection. Richardson v. State, 92 Tex. Crim. Rep. 526, 244 S. W. 1021; Nixon v. State, 95 Tex. Crim. Rep. 126, 252 S. W. 1067.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.