## FRANKLIN et al. v. MARTIN.
### No. 9408.

Court of Civil Appeals of Texas. San Antonio.

June 13, 1934.

Rehearing Denied July 25, 1934.

Dilworth & Marshall, of San Antonio, for appellants.

Moursund, Johnson, Rogers & Slatton, of San Antonio, for appellee.

SMITH, Justice.

An instrument purporting to have been the will of James Martin, deceased, was admitted to probate by the county court of La Salle county, and, upon appeal, by the district court of that county. Its probate was contested in both said courts by some of the children of the decedent, who have appealed from the judgment of the district court.

The decedent was eighty-two years of age when he executed the will, which was made about two weeks before his death. He was practically blind at the time, but was in the sound possession of all his mental faculties. Because of his blindness he had the wife of one of his sons (not a beneficiary under the will) write the instrument at his dictation, and had his son sign his name to it when completed, and after it had been read to him and approved by him. The decedent put his cross-mark opposite his signature as written by his son, as a mark of identification and authentication, and thereupon called in three trusted friends, including his family physician, to attest the will. Those friends came, the instrument was produced, the testator stated that it was his will, that it expressed his testamentary desires and intentions, which he then and there restated, in effect, as so expressed. Thereupon the three witnesses signed the instrument as such in the presence of each other and of the testator.

The pertinent statute is article 8283, R. S. 1925, as follows: "Every last will and testament except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator."

This statute was founded upon and is in its effect the same as the ancient English Statute of Frauds (29 Charles II, Ch. 3, § 5) upon the subject, and should be construed in accordance with the decisions under the English statute. The precise question raised in this appeal has not been previously decided in this state, but the applicable doctrine is made clear in the text-books, as well as in English and American decisions.

Appellants, contestants below, question the sufficiency of the instrument as a will, upon the ground, in effect, that the testator did not himself sign the instrument, or have it signed for him under his direction in the actual presence of the attesting witnesses, or have or hear it read or otherwise actually identified to the witnesses before or at the time they subscribed to it. In short, that the instrument was not actually and physically identified to the witnesses as the will of the testator.

We conclude these objections are not well taken. It is true that when the witnesses came into the presence of the testator for the purpose of performing the acts of attestation the instrument had already been executed for and in the name and under the direction of the testator, and was lying on a nearby table, perhaps beyond his reach. It is conceivable that it might have been removed or substituted without the testator's knowledge, because of his impaired eyesight; that it was possible, in these circumstances, that the instrument presented to the witnesses for attestation was not in fact the one dictated by and signed for and under the direction of the testator.

We conclude that these facts do not of themselves vitiate the instrument as a will. Their maximum effect was to open a way to

defeat probate by evidence showing or tending to show the substitution of a spurious instrument for the genuine; thus making the resulting issue one of fact.

It is probably true that only slight evidence of substitution would make the issue; that such issue may be raised by direct evidence, or by indirect or circumstantial evidence, or by suspicious circumstances coupled with opportunity for substitution.

But, while the evidence here may have shown, or tended to show, opportunity for substitution, yet every other fact and circumstance in the case point conclusively to the finding below that the will probated was the will of the testator; that it was signed for him in his name and under his direction, and afterwards acknowledged by him to the witnesses as his will; that it expressed his testamentary intentions. This being so, it is unimportant that the instrument was not so executed in the actual presence of the subscribing witnesses. Article 8283, R. S. 1925; 1 Schouler on Wills (5th Ed.) § 321; 1 Alexander on Wills, §§ 405, 409, 431, 434, 435, 468, 470–476, 484, 503–513; 28 R. C. L. p. 125, § 81; 40 Cyc. p. 1120; Case note 38 L. R. A. (N. S.) 161.

The judgment is affirmed.