## ROY MILLER v. THE STATE.

No. 18900.   Delivered April 28, 1937.
Rehearing Denied (*Without Written Opinion*) June 9, 1937.
Request for Leave to File Second Motion for Rehearing Denied
(*Without Written Opinion*) June 25, 1937.

54

The opinion states the case.

*W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of a turkey, punishment assessed at nine months in the penitentiary. (See Art. 1442b, Acts 1929, 41st Leg., p. 247, Ch. 108.)

The charge was theft of a turkey from R. S. Boyd on December 22nd, 1935. Ross Willis testified that on Sunday before Christmas he, Melvin Walker and appellant talked about stealing and selling some turkeys in order to get some Christmas money; it was agreed that Willis and Walker would steal the turkeys and that appellant would furnish the car to haul them to town to be sold, and the proceeds would be split three ways among them; that in pursuance of said understanding witness and Walker stole Boyd's turkey and notified appellant where it was concealed; that he went with his car in company of wit-

ness and Walker, got the turkey, took it to town and sold it to Mr. Bandy. The record shows that two other turkeys were sold at the same time. Willis testified that a third of the proceeds was turned over to appellant. Mr. Bandy sold the Boyd turkey to Mr. Coleman, where it was found by Boyd and identified as the turkey which had been stolen from him a few nights before. Appellant's confession was introduced, in which he admitted that he, Willis, and Walker talked about getting some turkeys, and later he was told by the other two that they got one from Mr. Boyd and hid "them" in a thicket; that the three of them took appellant's car, went to where the turkeys were hidden, put them in appellant's car, took them to town and that Willis and Walker sold them and gave appellant two dollars and fifty cents in money. Appellant said in his confession this money was in repayment of a previous loan to Willis.

Appellant first urges that the evidence is insufficient to sustain a conviction of appellant as a principal. The facts seem to bring it squarely within the principle announced in Smith v. State, 21 Texas Crim. Rep., 107, 17 S. W., 552; Kolb v. State, 88 Texas Crim. Rep., 593, 228 S. W., 210; Burrow v. State, 85 Texas Crim. Rep., 140, 210 S. W., 805; Byrd v. State, 117 Texas Crim. Rep., 489, 38 S. W. (2d) 332; McInnis v. State, 122 Texas Crim. Rep., 128, 54 S. W. (2d) 96; Coy v. State, 100 S. W. (2d) 1016.

It being appellant's part of the conspiracy to convey the stolen property to market where it was to be disposed of and part of the proceeds delivered to him, it was not necessary to constitute him a principal that at the very time the theft was committed he be doing something in furtherance thereof, and the court was not in error in omitting such an instruction from his charge.

Objections were urged to the court's instructions on the subject that Willis was an accomplice witness. Under the facts here found Willis' testimony, if true, made out a complete case against appellant, if the corroboration was sufficient, hence the matters complained of in the criticism of the charge do not present reversible error. Anderson v. State, 95 Texas Crim. Rep., 346, 254 S. W., 986; Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W., 298; Abbott v. State, 94 Texas Crim. Rep., 31, 250 S. W., 188.

We have more than once called attention to the fact that it would be better to omit the word "alone" used in connection with the charge regarding an accomplice witness, and again suggest that it be omitted, but it still remains a question

whether the use of it in a particular case calls for reversal. It depends in each instance upon the facts of the particular case. See Abbott v. State (supra); Walker v. State, 94 Texas Crim. Rep., 653, 252 S. W., 543; Watson v. State (supra). It appears from the opinions in both the Abbott and Walker cases that some additional complications were present in the charges on accomplice witnesses. It appearing in the present case that the testimony of the accomplice witness Willis, if true, made a complete case against appellant, and that appellant's own confession furnished the necessary corroboration, it is not thought the charge complained of presents a reversible error.

The judgment is affirmed.

*Affirmed.*