## R. C. "Roland" Gollihar v. The State.

No. 19311.   Delivered January 19, 1938.

The opinion states the case.

*Fred O. Jaye,* of DeLeon, for appellant.

*Harry Flentge,* Dist Atty., of Gatesville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The record shows that on the night of January 7, 1937, the warehouse of the Texas Company, located at Comanche was burglarized and twenty-seven cases of motor oil taken therefrom. William J. Nutt, one of the parties connected with the burglary, testified that on said night he, together with the appellant and appellant's brother, one Skaggs and one Anderson, went from Brownwood to Comanche, broke the lock on the door of said warehouse, and took therefrom, twenty-seven cases of motor oil. Appellant made a confession to the county attorney of Comanche County, which was offered in evidence at the trial. In addition thereto, the State offered some testimony showing that all of the parties met at appellant's home just before going to Comanche, and planned the burglary. Appellant did not testify, but relied upon a plea of alibi which he sought to sustain by the testimony of his wife and daughter.

Appellant urged a number of objections to the court's charge. The first is that the court erred in its definition of the term "theft" because the court omitted therefrom the words "from his possession." The court, however, in making application of the law to the facts, properly instructed the jury with reference thereto. Appellant was not on trial for theft, but for the offense of burglary; theft was but an incident to the burglary. We are of the opinion that the jury was not misled by the definition of the term "theft" as complained of. Under Art. 666, C. C. P., this court is not authorized to reverse a case unless the error in the charge was harmful to appellant.

Appellant's next objection is addressed to the following charge of the court:

"You are instructed that the witness W. J. Nutt, is an accomplice, and that you cannot find the defendant guilty upon the testimony of said witness alone, and in order to warrant a conviction in this case you must first believe the testimony of the witness Nutt to be true, and that it shows the defendant is guilty of the offense as charged in the indictment, and even then you cannot find the defendant guilty upon said witnesses' testimony corroborating the testimony of said accomplice witness as to some material matter tending to connect the defendant with the offense charged against him in the indictment herein. The corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty."

The record in this case discloses that W. J. Nutt, an accomplice, made out a complete case against appellant, and that

other facts and circumstances proved, independent of appellant's confession, corroborated the testimony of the accomplice which tended to connect appellant with the offense charged. Under such a state of facts, the charge complained of was not such as would require a reversal of this case. See Miller v. State, 105 S. W. (2d) 1097.

There seems to be not only direct and positive testimony by the accomplice showing appellant's guilt, but his own confession, together with other testimony showing that the parties planned the burglary and agreed to commit it, and in pursuance thereof committed the offense, even though warned not to do it as they might get caught. It will be noted that the court, in said charge, instructed the jury that the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission, etc. We believe that this charge is correct and adequately protected appellant's legal rights. We therefore overrule his contention. See Leahy v. State, 13 S. W. (2d) 874.

Appellant next complains because the court permitted the introduction in evidence of his purported confession. His contention is that it was not freely and voluntarily made. The sheriff and the county attorney testified that the statutory warning was given to appellant; that notwithstanding said warning, he made the same. Appellant really made no showing that the confession was the result of the use of improper means or improper influences. The only showing which he made, and which he contends made the confession inadmissible, was that it was made about midnight or a little after. The court, moreover, instructed the jury that if they found from the testimony that the confession was induced by promises, persuasion, compulsion, or other improper influences, or if they had a reasonable doubt thereof, that they should disregard said confession and not consider it as evidence in the case. We think that the court, in so doing, cautiously guarded appellant's rights by the submission of the question to the jury, and he is to be commended in so doing.

Finding no reversible error, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.