TED L. GARVER V. STATE.

No. 26,375. April 29, 1953.
Rehearing Denied June 10, 1953.

*Curtis Douglass*, Pampa, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of burglary and the jury assessed his punishment at ten years in the penitentiary.

The offense was established by proof that the Fair Department Store in Canadian, Texas, was burglarized during the night of June 18, 1952, and merchandise taken therefrom found in the home of appellant's brother in Amarillo.

Goldie Cecil Daniell, an accomplice witness, testified that he and appellant committed the burglary and carried the merchandise to Amarillo.

City Officer Clint Ward testified that at about one o'clock on the night in question he saw appellant in a pickup truck which was parked near the burglarized premises and he took the license number of the vehicle.

Appellant's confession was admitted in evidence over his objection.

There are three propositions of error presented by appellant's well prepared brief and the able argument of his counsel. His first proposition relates to Bill of Exception No. 1 and complains of the admission of the confession.

Appellant, according to this bill, was under arrest when he made the confession to Mr. Braly, the district attorney. E. B. Haggard, a deputy sheriff, was the only other person present when the statement was made. Being unable to sign his name because of an injury, appellant made an "x" by his printed name.

Except for the printed form prepared for the taking of a confession, the statement was in the handwriting of the district attorney. It was reduced to writing in the room occupied by appellant at the Highland General Hospital in Pampa, where appellant was a patient at the time. When offered in evidence it bore the signature of Deputy Sheriff Haggard and Grace Johnson, a nurse employed by the Highland General Hospital.

The testimony offered by the state as a predicate for the

introduction of the confession shows that Grace Johnson was not present when the statement was made, nor when appellant made his mark. It was shown, however, that she was called to appellant's room by Deputy Sheriff Haggard, where she found the district attorney and appellant. Appellant, according to Nurse Johnson, said "Nurse, I would like for you to sign this paper with me — this statement is true, I have read it all, and it is true, and I am guilty and I am admitting it and this 'x' I have made because I can't write on account of my hand — I can't write — this is my 'x'."

Nurse Johnson also testified that she read the statement and that appellant read it after she entered the room and told her it was correct.

In support of his contention that the confession was not "witnessed by Nurse Johnson" as required by Art. 727 C.C.P., appellant cites Nixon v. State. 95 Tex. Cr. Rep. 126, 252 S.W. 1067, wherein this court said:

"One of the formalities necessary to the execution of a confession by one unable to sign his name is that it must be witnessed; that is, authenticated by some person who is not a peace officer. Until this is done the confession does not become an executed document. In contemplation of the law it is nothing. When appellant affixed his signature by making his mark, and the two peace officers signed their names as witnesses, the formality of executing the document was completed."

In the Nixon case the witnesses who signed the confession at the time it was made were both peace officers. On the day of the trial, which was more than two months after the witnesses had signed, the signatures of two persons not peace officers were placed on the instrument. Though these additional signers were present when the statement was made, it was held that such subsequent affixing of their signatures did not authenticate the statement so as to make it admissible.

Under the facts before us the formalities of executing the instrument were not complete until the name of the second witness, Nurse Grace Johnson, was affixed.

There is no suggestion, as in the Nixon case, that the district attorney thought that the law was complied with when the officer signed and witnessed the statement. On the other hand,

it appears that all of the parties understood that it was necessary that the statement be witnessed by some person other than a peace officer and that such person should sign the same as a witness.

As said in Nixon v. State, supra, "The word 'witnessed' means the same as 'attested,' and includes both the mental act of observing and the mechanical one of subscribing."

The question of the admissibility of the confession turns upon a decision of whether the proof shows that Grace Johnson "witnessed" the same.

We hold that when appellant requested Nurse Johnson to sign the instrument, read it in her presence and declared that he had made his mark thereon and that the statement was true, and she thereupon signed her name as a witness, such constituted a witnessing or attesting of the instrument. It is not controlling that she was not present when the mark was actually made.

This holding finds support in principle and reasoning in the civil case of Franklin et al, v. Martin, Civil Appeals, 73 S.W. 2d 919 (writ refused).

The question before the court in Franklin et al. v. Martin, a will contest, was whether the will was "attested" as required by Art. 8283 R.C.S., it having been executed and the testator's name signed thereto for him, at his request, before the subscribing witnesses were called in.

The instrument was produced when the witnesses appeared and the testator stated that it was his will, that it expressed his testamentary desires and intentions, which he re-stated in effect, and thereupon the witnesses signed in the presence of each other.

The contention that the will was not attested in conformity to the above statute because it was not signed by the testator, or for him under his direction, in the actual presence of the attesting witnesses, was overruled.

Bill of Exception No. 2 complains of the overruling of appellant's motion for new trial upon the ground of jury misconduct, the allegation being that the jury discussed during their

deliberation the sentence appellant was then serving in the penitentiary.

The motion for new trial was sworn to by appellant but accompanied by an affidavit of a juror.

The juror's affidavit was offered in evidence as the sole testimony in support of the allegation of misconduct. We quote from the affidavit as follows:

"I further state that when the said jury retired to consider of its verdict a vote was first taken as to the guilt or innocence of the accused, Ted L. Garver, and the said vote was unanimous that the defendant and accused, Ted L. Garver, was guilty.

"A vote was then taken as to the sentence which the jury should assess against the said accused, Ted L. Garver. The result of this vote was that some members were in favor of assessment of confinement in the Penitentiary for six years, some for eight years and some for ten years. There were some votes for the maximum sentence of twelve years confinement in the penitentiary. *Thereafter* the members of the jury discussed whether or not the sentence which they would impose in the said cause wherein they were considering a verdict would have to be served concurrently with a sentence which the defendant was and is now serving in the penitentiary, or whether it would be tacked on to the end of the said sentence which he was and is now serving."

The state offered the testimony of another juror. His testimony was to the effect that the sentence appellant was serving was first mentioned after the jury had agreed and had "knocked on the door." The question was then raised as to whether the sentence on their verdict would be cumulated.

If an issue of fact was raised, we cannot say that the trial court abused his discretion in finding that the discussion or reference to the prior conviction of appellant occurred after the jury had agreed upon a verdict.

It is shown in the bill that it was a matter of common knowledge among all of the jurors that appellant was serving a sentence in the penitentiary. The record shows that he had been brought from the penitentiary on a bench warrant for trial. But there was no evidence admitted in the trial to the effect that he

had been convicted of a felony or that he was an inmate of the penitentiary.

The mere mention of a prior conviction of the defendant will not necessarily constitute such jury misconduct as will entitle the defendant to a new trial. See Smith v. State, 52 Tex. Cr. R. 344, 106 S.W. 1161, and Tyson v. State, 146 Tex. Cr. R. 128, 171 S.W. 2d 496.

If the contention be that the jury received other testimony after retirement, a new trial would not be called for, the fact that appellant was serving a penitentiary term not having been first made known to them by such discussion or reference in the jury room. See Glass v. State, 143 Tex. Cr. Rep. 88, 157 S. W. 2d 399, 403.

The remaining complaint relates to the court's charge on accomplice testimony.

Except for the use of the word "alone" in connection with the instruction that Goldie Cecil Daniell was an accomplice, whose testimony must be corroborated, the charge is in form approved by this court in Brown v. State, 57 Tex. Cr. R. 370, 124 S.W. 101. See also Quinn v. State, 136 Tex. Cr. R. 131, 123 S.W. 2d 890, and Green v. State, 155 Tex. Cr. R. 43, 231 S.W. 2d 433.

The accomplice witness testified to facts which if true made a complete case against appellant and there is no lack of corroboration. Also appellant's confession was in evidence.

Under such facts, the erroneous use of the word "alone" in in the charge on accomplice testimony does not present reversible error. See Miller v. State, 133 Tex. Cr. R. 53, 105 S.W. 2d 1097, and cases cited.

The court did not define principals nor authorize a conviction on the law of principals, but required a finding that appellant himself committed the burglary. We see no harm to appellant in the fact that a conviction was not authorized upon a finding that appellant remained in the pickup but acted as a principal with others.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant, in a forceful motion for rehearing, has again urged as error the failure of the trial court to define principals, accomplices and accessories in his charge.

He restates his contention as follows:

The witness Daniell testified for the state that the appellant went into the burglarized building with him, while Officer Word, also a witness for the state, testified that he saw the appellant outside in a pickup truck. This, he said, raised an issue as to whether the appellant was a principal or an accomplice, and he contends that such issue should have been presented to the jury for their determination.

As stated in the original opinion, the court required a finding that the accused actually entered the burglarized premises before he could be convicted.

Had the court charged on the law of principals, it would have been more onerous on the accused than the charge that was given, because such a charge would have authorized a conviction if the jury found that the accused was keeping watch.

We have carefully studied the appellant's objections to the court's charge and are unable to find therein any clear and understandable complaint to the court's failure to tell the jury that if they found that the accused was an accomplice to the burglary that they should find him not guilty.

If an accused is dissatisfied with the court's charge, he should make his objections in specific terms, thereby clearly informing the court of what he wants or does not want in the charge. A general objection that the court failed to charge on appellant's defense "especially as to the law of accomplices and principals" will not suffice.

The appellant did not testify, and the only evidence offered by him related to the formalities of taking his confession.

We dispose of this contention by concluding that the facts did not raise the issue, and the appellant's objection was too vague to put the court on notice as to what kind of a charge he desired.

Appellant takes us to task for citing a civil case in support of our original holding as to the formalities of the execution of the confession and insists th'at Nixon v. State, 95 Tex. Cr. Rep. 126, 252 S. W. 1067, should be here controlling. We shall now attempt to more fully differentiate the facts in the case at bar from the facts and the holding in the Nixon case.

In the Nixon case, we held that the confession became an executed document when it came into the hands of the prosecuting officers and that the witness might not breathe life into it two months later by then affixing their signatures thereto.

In the case at bar, there had been no delivery of the confession to the prosecuting officers, because Nurse Johnson testified that after she entered the room the appellant read the confession and then asked her to witness it.

In the Nixon case, the signatures of the witnesses were affixed in the absence of the accused and without his consent.

In the case at bar, the accused was present when Nurse Johnson witnessed the instrument and requested her to do so.

In the Nixon case, the addition of the names of the witnesses was clearly an afterthought on the part of the prosecutor.

In the case at bar, the deputy sheriff testified, "I had to have another witness and I went off and got her and brought her back and she signed her name."

Appellant contends that there is no showing that the warning was given the accused in the presence of the witness Johnson. We do not completely agree therewith. The warning appeared on the face of the instrument, and Nurse Johnson said that he read "this statement" and then asked her to "sign this paper with me."

We overrule appellant's contention relating to the witnessing of the confession.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.