**David WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35609.

Court of Criminal Appeals of Texas.

April 24, 1963.

Rehearing Denied June 12, 1963.

Roy A. Scott, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary, with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, twelve years.

The state's proof was undisputed that on the date alleged the Second Baptist Church building in the city of Corpus Christi was broken into and burglarized. On Tuesday afternoon before the burglary, the pastor, Reverend Glen Norman, left the church, at which time all windows and doors were locked. The next morning when the church secretary came to work at 8 o'clock it was discovered that certain doors were open and windows were broken. A safe containing many church papers and between $150 and $175 in money had been removed from the building. An examination

of the premises revealed that entry had been gained into the building through a second-floor window which was broken. The safe had been removed from the second floor of the building by carrying it down some stairs and outside, where it was loaded in a vehicle.

The following Saturday the missing safe was found at Flour Bluff just off Laguna Shore Road, near an abandoned pickup truck. When found, the safe was demolished, the back having been battered in with some type of instrument. Various church papers and envelopes were found scattered near the safe.

On Monday, a complaint was filed against appellant, charging him with the burglary and a warrant for his arrest was issued. He was arrested that night at 9:30 o'clock and taken to the city jail.

Constable John Haynes testified that he went to the jail on Tuesday at 1 p. m., and talked to appellant about the burglary. After they had talked for an hour and a half, at appellant's request the officer took him to the district attorney's office, where, after being duly warned by Assistant District Attorney Max Luther, appellant made and signed a written statement which was introduced in evidence by the state.

In the confession, appellant admitted that on the night in question he and his companion, Allen Greene Aycock, entered the church building by breaking a window and that they removed the safe therefrom. Appellant related that after they took the safe from the building they stole a panel truck, then loaded the safe in the truck and carried it to a point off the Laguna road at Flour Bluff. Appellant stated that they then opened the safe, took $165 in cash therefrom and, after dividing the money, left the safe and truck and departed from the scene in Aycock's truck.

State's witness Thomas E. Taylor testified that several days before the burglary the appellant and Allen Aycock talked to him about burglarizing the church and aft-er the burglary they told him where the safe was located. He further stated that he gave such information to Deputy Constable Poulos, who, the record reflects, went with the witness to where the missing safe was found.

Testifying as a witness in his own behalf, appellant admitted that he had been previously convicted of the offense of burglary, as alleged in the indictment, but swore that he was not guilty of the burglary of the church in question. Appellant also repudiated his written confession made to Assistant District Attorney Luther and testified that he signed it because he was scared by reason of threats made against him by the city officers that if he did not confess they would take him to the Texas Rangers. Appellant stated that he was questioned in relays by the city officers from the time he was placed in jail at 9:30 Monday night until he was taken to the district attorney's office the following day. He made no contention that he was threatened or mistreated after being taken to the district attorney's office, but testified that the reason he signed the confession was because of threats made against him by the city officers before he was brought to the office.

Constable Haynes, called as a witness in rebuttal by the state, denied that any threats were made to appellant by the officers from the time he talked to him at the jail on Tuesday at 1 p. m., until he later made his confession in the district attorney's office at 3 p. m.

City Officer Robert Garza was also recalled by the state and denied that appellant was questioned all of the night he was in jail but stated that he was interrogated no longer than two hours. Officer Garza further denied that any threats or force were used on appellant to persuade him to make a confession of the burglary.

The issue as to the voluntary nature of appellant's confession was submitted to the jury by the court in his charge.

In submitting the issue, the court charged the jury that a confession to be admissible against a defendant must have been freely and voluntarily made after due warning by the person taking the same, and instructed the jury that if they believed from the evidence that the person taking the confession did not warn the appellant and further instructed:

"* * * or if you believe from the evidence that such confession was not freely and voluntarily made, or if you believe the same was induced by duress, threats, coercion, fear, persuasion, or through any other improper influence, or if you have a reasonable doubt as to whether he was warned by the person taking such confession, as to whether same was freely and voluntarily made, or as to whether same was induced by duress, threats, coercion, fear, persuasion, or through any other improper influence, if any, imposed at any time or any place by the person taking same, or anyone else, on the defendant, then you will wholly disregard such confession, and consider it for no purpose whatever, and draw no inference nor conclusion therefrom and acquit the defendant, unless you believe from the other evidence in the case, if any, beyond a reasonable doubt, that the defendant's guilt has been established of the offense charged in the indictment."

Appellant objected to the court's instruction on the ground that it did not charge the jury that if they believed that the confession was not freely and voluntarily made, or if they had a reasonable doubt thereof, to acquit him. Appellant apparently overlooks the testimony of the state's witness Taylor which connected him with the burglary.

There being other evidence before the jury besides appellant's confession which connected him with the burglary, an instruction to acquit if the jury believed the confession was not freely and voluntarily made would have been upon the weight of the evidence and improper. Martinez v. State, 140 Tex.Cr.R. 159, 140 S.W.2d 187, 153 S.W.2d 721.

Appellant also objected to the charge on the ground that it did not instruct the jury to disregard the confession if they found that at the time he signed it he believed that if he failed to do so he would be turned over to certain officers to remain in their custody until he did sign it, or if they found that when he signed the confession he was in fear of threatened brutal treatment when he left the district attorney's office if he did not sign it.

Under the court's charge, the jury was instructed to wholly disregard the confession if it was believed from the evidence, or there was a reasonable doubt thereof, that the confession was not freely or voluntarily made or was induced by duress, threats, coercion, fear, persuasion, or through any other improper influence, if any, imposed upon the appellant at any time or place by the person taking the same or by anyone else.

The charge, as given, adequately protected the rights of appellant, and we find no error therein. Gollihar v. State, 133 Tex.Cr.R. 491, 112 S.W.2d 1053.

Appellant complains that the court erred in permitting the state to offer proof in support of the allegation in the indictment of the prior conviction over his objection that he had stipulated the conviction.

Appellant testified fully regarding the prior conviction, the punishment assessed, and the fact that probation was granted and later revoked because of violation of its conditions. Having so testified without objection, he is in no position to complain of the introduction of the records showing these facts.

Finding the evidence sufficient to sustain the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.