JOHN GASTON v. THE STATE.

No. 4382. Decided February 10, 1909.

**Local Option—Sale—Confessions.**

Under article 790, Code Criminal Procedure, pp. 219 and 220, Act of the Thirtieth Legislature, confessions while made under arrest are not admissible unless made voluntarily in the examining court, in accordance with law, or made in writing and signed by the defendant.

Appeal from the County Court of Hill. Tried below before the Hon. N. J. Smith.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court

of Hill County, Texas, on a charge of the unlawful sale of intoxicating liquors. The question as to whether or not there was in fact a sale was stubbornly contested in the evidence.

In this condition of the proof the State placed on the witness stand one Frank Glasgow, who was permitted to testify that while he had appellant under arrest he (appellant) said he got the whisky he let Mr. Payne have out of the express office, and that he sold to Mr. Payne the whisky he got from the express office. It should be stated in this connection that the sale was alleged to have been made to one Rod Payne. This testimony was objected to for the reason that article 790, pages 219 and 220, Act of the Thirtieth Legislature, provides that the confession of the defendant while in custody of an officer shall not be used against him, unless made in the voluntary statement of the defendant taken before an examining court in accordance with law, or be made in writing and signed by him; and because the confession made was oral and made neither before an examining court according to law, nor reduced to writing and signed by defendant, and is not a confession of facts found to be true which conduced to prove defendant's guilt. These objections were overruled by the court and the testimony above quoted was admitted. This was error. This question was fully considered and decided adversely to the State in the case of Robertson v. State, 54 Texas Crim. Rep., 21, 111 S. W. Rep., 741.

For the error in admitting this testimony the judgment is reversed and the cause remanded.

*Reversed and remanded.*