### Will Richardson v. The State.

No. 6918.  Decided November 8, 1922.

**Manufacture of Intoxicating Liquor—Written Confession—Harmless Error.**

Where the point made in the motion for new trial is that the confession of defendant was inadmissible because it was not affirmatvely shown that the witnesses who signed the confession were not peace officers, but it was shown on the hearing óf the motion for new trial that the confession complied in all respects with the statutory demands, the alleged error was harmless.

Appeal from the District Court of Smith.  Tried below before the Honorable J. R. Warren.

Appeal from a conviction of illegal manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Bullock & Ramey*, and *Simpson, Lasseter & Simpson*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The only complaint made is that charging that the court erred in admitting in evidence the written confession of the appellant.  The confession, in form, is in full compliance with the statute—Article 810, Code of Criminal Procedure.  It was signed by the appellant thus:

His<br>"Willie X. Richardson."<br>Mark

The witnesses were C. T. Baker, M. E. Veasey, and H. C. Hudson.

The objection urged was that "it did not appear from the testimony theretofore introduced by the State or from the confession that the statutory requirements for the introduction of a statement or confession of the defendant under arrest had been shown."  The point made upon the motion for new trial and here urged is that the confession was inadmissible because it was not affirmatively· shown, and the proof did not reveal, that the witnesses who signed the confession were not peace officers.  The statute contains this proviso:

"   .  .  .  provided, that where the defendant is unable to write his name and sign the statement by making his mark, such statement shall not be admitted in evidence, unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."  (Art. 810, C.·C. P.)

Two of the witnesses were not peace officers. This the bill of exceptions makes plain. The objection urged to the admissibility was quite general. Had it been more specific, doubtless it would have been obviated by proof on the trial.

We understand the burden to rest upon the State to prove the facts which render a proffered confession admissible; that is to say, such proof is essential as a predicate for the admission of a confession. White's Ann. Tex. Penal Code, Sec. 1018. As we conceive it, the admissibility of a written confession is governed, in the main, by the general rules of evidence touching the admissibility of documents, one of these requiring proof of execution. The State, in this case, proved by the county attorney that the appellant stated the facts which are contained in the written confession but did not testify that it was signed with the mark of appellant or that the witnesses signed it. It purported to bear the signature of the appellant through his mark, and the signature of three witnesses. In our judgment, proof that it was executed by the appellant and that it was signed by him with his mark and by one witness who was not a peace officer was necessary in laying the required predicate.

The evidence introduced, that is, the confession, was not illegal. Its legality was simply inadequately established as a predicate for its introduction. The objection to it was indefinite. It appearing from the bill of exceptions that on the hearing of the motion for new trial it was proved that the confession complied, in all respects, with the statutory demands and that upon another trial, it could be introduced against the appellant, we take the view that the error committed was not calculated to injure the appellant within the meaning of Article 837 of the Code of Criminal Procedure.

The judgment is therefore affirmed.

*Affirmed.*