## BUB HALL v. THE STATE.

No. 21526. Delivered April 2, 1941.
Rehearing Denied May 14, 1941.

The opinion states the case.

*Gordon R. Wellborn,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant first challenges the sufficiency of the evidence to

support and sustain his conviction for the offense of rape by force and threats.

The State's testimony, briefly stated, shows that on the day in question appellant and prosecutrix met at a picnic, at Pine Grove, where a great number of people had assembled. He took her for a ride in his pick-up car. He drove to the town of Henderson where they picked up another young couple, and from there they drove out on the Shereveport-Tyler Highway, some distance, then came back on the Henderson-Carthage Highway for several miles, turned to the right into the woods and parked the car. Appellant asked the other couple to walk back towards the highway, which they did, leaving appellant alone with prosecutrix. He then asked her for sexual favors which she promptly refused. He told her that he did not have to beg any d--- girl; that he had raped one before and his daddy had bought him out. He sought to accomplish his purpose by force but in this he failed. In a very short time appellant's friend left his companion near the highway, came back to where appellant and prosecutrix were, and the two, acting together, soon overcame all resistance on the part of prosecutrix and each of them succeeded in ravishing her. After accomplishing their object they drove to Mrs. Freeman's place of business, where they stopped and all of them entered the same. Prosecutrix was highly excited and nervous. Her clothes were dirty from top to bottom and were torn. She related her sad experience to Mrs. Freeman and inquired of her if she had a telephone. Not having one, Mrs. Freeman directed the girls to the home of Mrs. Batts, who lived only a short distance away and who had a telephone from where they could "call the law." The girls left Mrs. Freeman's place by way of the back door and went to the home of Mrs. Batts, where they found Mr. and Mrs. Batts sitting out on the porch.

Mrs. Batts testified that the prosecutrix was "all to pieces" and dirty from the top of her head to her feet; that she was highly excited and frightened.

Mr. Batts, who heard the prosecutrix relate her horrible experience and saw her condition, took the girls in his car to the officers. He, too, testified to the condition and appearance of the prosecutrix.

Appellant admitted that he had an act of sexual intercourse with the prosecutrix at the time and place in question but claimed that it was with her consent.

From the foregoing brief statement of the facts proven at

the trial, it is obvious that the issue of whether the act was committed by the use of force and threats, or with the consent of the prosecutrix, was one which was decided by the jury adversely to the appellant, and the evidence is a sufficient predicate upon which their verdict may rest.

Bills of Exception Nos. 1 and 2 relate to the same matter and will be treated and disposed of together. By said bills appellant complains of the testimony given by Mrs. Freeman as to what the prosecutrix told her soon after arriving at her place of business, as well as testifying as to the condition and appearance of the prosecutrix at the time. Appellant objected to said testimony on the ground that it was no part of the res gestae and was the rankest kind of hearsay. The objection was overruled and he duly excepted. This testimony was clearly admissible and was a part of the res gestae. It was a statement made by the prosecutrix very soon after the commission of the alleged offense and while she was nervous and highly excited. It was made to Mrs. Freeman who was the first person she talked to after the alleged occurrence. See Rogers v. State, 65 Texas Cr. R. 105; Sentell v. State, 34 Texas Cr. R. 260; Lemons v. State, 59 Texas Cr. R. 299.

Bill of Exception No. 4 complains of the action of the trial court in declining to instruct the jury at the close of the State's case to return a verdict of not guilty. This bill need not be discussed because we have already disposed of that question in holding the testimony sufficient to sustain the jury's conclusion as to the appellant's guilt.

Bill of Exception No. 5 reflects the following occurrence: The defendant called Gordon Strong, a deputy sheriff of Rusk County, as a witness. He testified that he had weighed the defendant and gave evidence as to the amount of his weight. On cross-examination of said witness, the State inquired of him as to when he weighed the defendant, to which he replied: "About thirty minutes ago." The witness was then asked what the defendant weighed on the 11th day of July, to which he replied that he did not know. He was next asked where he weighed the defendant, to which the witness replied, "Downstairs in the nurse's office." He was then asked what the defendant weighed before he went to jail, to which the witness replied that he did not know. Appellant objected to the cross-examination of the witness by the State and the answers thereto. as above set out because it elicited the fact that the defendant had been kept in jail since the alleged offense; that such cross-

examination was for the purpose of prejudicing the minds of the jury against the defendant and was an attempt in an indirect way to show to the jury that appellant had been denied bond after a writ of habeas corpus had been sued out, etc. The court overruled the objections to which the defendant excepted. It is apparent from the bill that the cross-examination of the witness related to a matter which had been elicited from him by appellant during the examination in chief. The witness having testified as to the defendant's weight at the time of the trial, the State had a right to show, if it could, whether the witness knew what the appellant weighed at the time of the commission of the alleged offense.

Bill of Exception No. 6 reflects the following occurrence: The mother of the prosecutrix, while testifying in behalf of the State, was asked the following questions and made the following answers:

"Q. About what time of night did she get home? A. I never noticed the clock but it was sometime after dark.

"Q. Tell the jury what she told you had taken place? A. She told us that she had been raped by two boys and at the time I did not know the boys' names because I had never heard of them before, and she had been beat and drug, and she said that one of the boys had put his hand over her mouth so that nobody couldn't hear her holler and the other beat and helped him, and of course, both of them raped her, and that is what she told me."

Appellant objected to the questions and answers above set out "because it was no part of a res gestae statement, was made out of the presence and hearing of the defendant, not under oath, not subject to cross-examination, and not shown to have been condoned or acquiesced in by the defendant." The bill is wholly deficient in that there is no statement therein outside of the appellant's objection which shows that the testimony does not come within the rule of res gestae statement. In 4 Tex. Jur. p. 328, sec. 224, the rule is stated as follows:

"A bill * * * complaining that evidence received was not admissible under the rule of res gestae, must show as a fact that it was not within the rule, and set out such facts as may be necessary for that purpose. The bill must certify as a fact that the evidence complained of was not res gestae, and it is not enough to state merely as a ground of objection that it was not, or to show that such an objection was urged."

Quite a number of authorities are cited in support of the

text. Moreover, the appellant objected to the testimony in its entirety, a part of which was clearly admissible; and there is nothing in his objection to directly challenge or single out the supposed objectionable evidence. It is the well-established rule in this State that where the accused objects' to the admission of testimony, a part of which is admissible and a part of which is not, that he must single out and separate the objectionable evidence from that which is unobjectionable and direct his objections to that which is not admissible. See Branch's Ann. Texas P. C., p. 135, sec. 211, and authorities there cited. See also Norman v. State, 121 Texas Cr. R. 433; Gray v. State, 127 Texas Cr. R. 439; Branch's Ann. Texas P. C., Sec. 1784.

The fact that the injured female came home after dark, that she said she had been raped by two boys, her physical condition, the condition of her clothing were all admissible. See Myers v. State, 105 Texas Cr. R. 426; Hazzard v. State, 111 Texas Cr. R. 539; Stringer v. State, 278 S. W. 209; Duckett v. State, 68 Texas Cr. R. 331; Bedgood v. State, 3 S. W. (2d) 99; Buchanan v. State, 298 S. W. 569.

By Bills of Exception Nos. 7, 8, 9, 10 and 11 appellant complains of certain remarks made by the prosecuting attorneys in their arguments to the jury. We have carefully reviewed each and every one of the arguments complained of and after mature deliberation of the questions presented have reached the conclusion that the arguments were either a discussion of the evidence or reasonable deductions therefrom and were not of such inflammatory or prejudicial nature as would require reversal of the judgment.

By Bill of Exception No. 12 appellant complains of the court's action in declining to give the following requested instruction:
"You are further instructed that consent can be proved by circumstantial evidence, the same as other evidence."

We do not believe that the facts of this case are such as would require an instruction relative to circumstantial evidence.

It appears from Bill of Exception No. 13 that appellant objected to the court's charge in failing to define "carnal knowledge of a woman" and the terms "ravished," "consent," "resistance," "penetration," and "violently ravished." An inspection of the court's charge discloses the fact that the term rape is defined as "the carnal knowledge of a woman without her consent obtained by force or threats and sufficient to overcome

all resistance within her power," etc. The court also defined "force" and "threats" in the language of the statute, and instructed the jury as to the necessary amount of resistance on the part of the assaulted female. The court further instructed the jury with reference to the penetration of the sexual organs of the female alleged to have been ravished by the male organ of the accused, and charged that such penetration must be proved by the State beyond a reasonable doubt. In support of what we have said here, we refer to the case of Parker v. State, 98 Texas Cr. R. 442. We are of the opinion that the charge sufficiently defines every term that was necessary to be defined as a guide in aiding the jury in a proper solution of the question presented to them for their decision. There was no necessity of separately defining "carnal knowledge," "ravished," "consent," "resistance" or "penetration." If the same were sufficiently defined in the charge as a whole for a clear understanding of the terms by the jury, the requirements of the law have been fully met. Hence we overrule appellant's contention.

By Bill of Exception No. 14 appellant complains of the action of the trial court in declining to permit counsel for appellant to state to the prospective jurors that under the law of Texas a bill of indictment is not evidence of guilt but a mere pleading under which the State presents its evidence and then propound the question as to whether they would take the bill of indictment as any evidence of guilt on behalf of the defendant. Appellant in due time objected and excepted to the court's ruling. The court qualified the bill and in his qualification states that he then and there told the jury-men that the indictment was not any evidence and should not be so construed by them. In view of the court's instruction, we fail to see any reversible error reflected by the bill.

Bill of Exception No. 3 is without merit inasmuch as appellant admitted that he had sexual intercourse with the prosecutrix at the place indicated by the testimony of the witness Tatum Brown.

No reversible error appearing from the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion only concerns itself with again urging his

bills relating to the argument of the State's attorney, as shown by his bills Nos. 7, 8, 9 and 10. We have again carefully considered such bills, and find that in bill No. 7 we are unable to see anything that could be hurtful to appellant. The court sustained appellant's objection to bill No. 8, and if there was any error evidenced therein, which we do not so say, then we think the fancied wrong was eliminated. An objection was also sustained to that which is shown in bill No. 9, and the statements set forth in bill No. 10 we think were legitimate argument on matters taking place before the jury at such time.

The motion is overruled.