# JUNE 17, 1942

## MADÉRO BELTRAN V. THE STATE.

No. 22186. Delivered June 17, 1942.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for knowingly passing a forged check. The punishment assessed is confinement in the State penitentiary for a term of two years.

The indictment contains two counts: In the first count appellant is charged with forging the name of Tom S. Reed to a check in the sum of $25.50. In the second count he is charged with knowingly and fraudulently passing a forged check in said sum to *Mable* Dunagin. The conviction is under the second count of the indictment.

The State, in the development of its case, introduced over appellant's objection a purported confession without first having laid a proper predicate therefor by showing that appellant had signed the same. It occurs to us that the admissibility of a written confession is controlled by the general rule relative to the admission in evidence of documents by showing the execution thereof by the party charged to have executed the same. See Richardson v. State, 92 Tex. Cr. R. 526, 244 S. W. 1021; Nixon v. State, 252 S. W. 1067, 95 Tex. Cr. R. 126.

Appellant also complains of the court's action in declining to submit to the jury his special requested instruction to return a verdict of not guilty on the ground of variance between the allegation in the indictment and the proof. The indictment charged that appellant passed the check to Mabel Dunagin and the proof in support thereof is rather vague and indefinite as to whether or not he passed the check in question to the clerk from whom he purchased merchandise, or passed it on to Miss Dunagin, who placed the check in the cash register and gave the amount of the check to appellant or to the clerk from whom he had made the purchase and who in turn gave appellant the difference. If, upon another trial, it should clearly appear that the check was passed to a person other than Miss Dunagin, then

appellant would be entitled to an instruction of like import as the one which he requested. See Huntly v. State, 34 S. W. 923; Brown v. State, 158 S. W. 533, 71 Tex. Cr. R. 45; Fleming v. State, 114 Tex. Cr. R. 505, 26 S. W. (2d) 258.

For the error herein discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.