ARTHUR DURAN v. THE STATE.

No. 23481. Delivered November 13, 1946.

The opinion states the case.

*Fryer & Milstead,* of El Paso, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of an aggravated assault, and his punishment was assessed at confinement in the county jail for a period of one year and a fine of $500.00.

This prosecution was brought under Section 5 of Article 1147, P. C.

It was charged in the complaint and information that theretofore, on or about the 29th day of March, A. D., 1946, Arthur Duran did, in the County of El Paso and State of Texas, unlawfully commit an aggravated assault in and upon Mary Anne Yager, the said Mary Anne Yager then and there being a female child and the said Arthur Duran then and there being an adult male, etc.

To prove the offense charged the State was required to prove: (1) That Mary Anne Yager was a child; (2) that an assault was made upon her by the defendant, Arthur Duran; and (3) that the defendant, Arthur Duran, was an adult male person. If the State failed to prove either of the essential elements of the offense as charged, then the prosecution would fall. Now, let us see how the State undertook to discharge its burden to prove that appellant was an adult male person. It called Mr. Raymond O'Rourke, and proved by him that he was a deputy sheriff and was in charge of the jail; that at the time appellant was placed in jail he asked him how old he was, to which appellant replied that he was 29 years of age. To this testimony he promptly objected on the ground that he was under arrest and confined in jail at the time; that he was not warned; that his statement was not reduced to writing, signed and witnessed as required by Art. 727, C. C. P. The court overruled the objection, to which appellant then and there excepted, as shown by his Bill of Exception No. 1. It occurs to us that the admission of the testimony complained of was in violation of the article of the statute referred to. That it was material to the State in the establishment of its case is quite obvious, because without evidence showing that appellant was an adult male person the State's case would necessarily fall. See White v. State, 151 S. W. 826. It is our opinion that the court erred in admitting the testimony, and in support of what we have said we refer to the following cases: Calloway v. State, 116 S. W. 575; Gaston v. State, 116 S. W. 582; Beltran v. State, 144 Tex. Cr. R. 338; Dover v. State, 81 Tex. Cr. R. 545.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.