ALFRED MCKELVEY V. STATE.

No. 26,610. November 18, 1953.
Rehearing Denied January 13, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) February 3, 1954.

*John Scott, Jr., F. D. Brown,* and *Sam Brown,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a case of rape by assault, with punishment assessed at 10 years in the penitentiary.

The prosecutrix was the eleven-year-old sister-in-law of the appellant. The mother of the prosecutrix and the wife of appellant (prosecutrix' sister) left prosecutrix and appellant at the mother's home when they left for town to do some shopping. According to the testimony of the prosecutrix, the rape occurred in the home during their absence. Upon their return, prosecutrix immediately told her mother what had happened and about the crime committed. The mother and father of prosecutrix carried her to town and to the officers.

An examining physician corroborated the prosecutrix as to the recent penetration of her private parts.

Appellant denied the act alleged, and protested his innocence.

It was the province of the jury to believe the state's testimony.

The statements which prosecutrix made to her mother were in the nature of an outcry and a part of the res gestae.

The trial court did not err in permitting the introduction of such testimony. Williams v. State, 145 Tex. Cr. R. 536, 170 S. W. 2d 482; Hall v. State, 141 Tex. Cr. R. 607, 150 S. W. 2d 404.

A bill of exception appears, complaining of argument of state's counsel. The trial court's qualification appended to this bill of exception, which appellant accepted, shows that the argument complained of was in reply to argument of appellant's counsel. Having accepted the bill of exception as so qualified, appellant is bound thereby. Being in reply to argument of appellant's counsel, the argument complained of was authorized.

No error appearing, the judgment is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

In our original opinion we said that the outcry was made immediately upon the mother's return to their home. Appellant points out that this is not exactly accurate. The record made in the absence of the jury, which determined the admissibility of the testimony as to the outcry, does reflect that the mother returned home and noticed that prosecutrix looked "funny"; that she sent prosecutrix on a short errand; that her other daughter (appellant's wife) came to the home highly upset about having found lipstick all over appellant's face; that the mother then questioned prosecutrix, since she had lipstick on her face, and prosecutrix began to cry and admitted that appellant "had been fooling with her." In this, as in all cases, it is difficult to pinpoint the exact time elapsing between the incident and the outcry. At one time the mother estimated ten minutes. The child estimated two. Other facts would indicate a longer period. The interval of time itself is not entirely controlling. We have carefully reviewed the record and remain convinced that the child did not have sufficient opportunity to fabricate that which she told her mother and that the same was admissible.

We have examined the bill of exception relating to argument and find no new fact injected into the record thereby. Neither is it manifestly improper or prejudicial. The prosecutor merely told the jury that the verdict which they returned in the case at bar either would or would not deter others depending upon its severity.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.