**William SCOTT, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41373.**

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Rehearing Denied Dec. 18, 1968.

---

Freddie F. Lee, Pasadena (Court Appointed), B. F. Whitworth, Jasper (Court Appointed), for appellant.

R. A. Bassett, Dist. Atty., Richmond, Ogden Bass, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty., Angleton, Fred Holub, County Attorney, Bay City, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, death.

Appellant's brief filed in the trial court sets forth six grounds of error.

■ Ground 1 complains of the overruling of his motion to suppress the written confession; the finding that such confession was freely and voluntarily made; and the failure to find that appellant had knowingly and intelligently waived the appointment of counsel at the time the statement was given.

The confession in writing made October 18, 1966, was introduced in evidence at appellant's trial on September 5, 1967.

The evidence adduced at the hearing on the issue of voluntariness before the court, in the jury's absence, and the confession signed by appellant show that the requirements of Arts. 38.22 and 15.17 of the 1965 Code of Criminal Procedure, Vernon's Ann., were fully complied with and that the confession was freely and voluntarily given following the warning required by said statutes.[1]

The findings of the trial judge which appear in the record are fully supported by the evidence offered at the hearing and sustain his action in overruling the motion to suppress and admitting the written confession in evidence. Charles v. State, Tex. Cr.App., 424 S.W.2d 909; McCandless v. State, Tex.Cr.App., 425 S.W.2d 636; Anders v. State, Tex.Cr.App., 426 S.W.2d 228, sustain our holding that the written confession was not inadmissible under Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided June 13, 1966.

■ Ground of error No. 2 complains that the court erred in admitting a billfold in evidence.

In his confession that was reduced to writing appellant referred to having lost his billfold at the park where the rape occurred. At the County Jail, the day after his written confession, appellant advised Texas Ranger Rundell that he had lost some property at the scene of the rape. He accompanied Officer Rundell and a deputy sheriff to the place where appellant advised that the crime had occurred and appellant kicked grass off of the billfold, picked it up and handed it to Officer Rundell and said it was his billfold.

1. "* * * The provisions of this Act shall not affect the admissibility of confessions made prior to the effective date of the Act." Acts of the 60th Legislature, 1967, Sec. 41, p. 1752.

The statement of the appellant made after the warning that had been previously given him, and the statement which led to the finding of the billfold at the scene, as well as the billfold, were admissible. Art. 38.22, Sec. 1(e) V.A.C.C.P.; Valtiero v. State, 153 Tex.Cr.R. 260, 219 S.W. 2d 73.

Ground No. 3 complains that the court erred in failing to charge the jury on the lesser included offense of assault with intent to commit rape.

The state's evidence, including the testimony of the victim and the confession of the appellant, shows that the crime of rape was repeatedly committed by appellant as well as his co-conspirators upon the victim named in the indictment. We find no evidence which raised the issue of a lesser assault. We see no error. Keeton v. State, 149 Tex.Cr.R. 27, 190 S.W.2d 820.

Ground No. 4 complains that the trial court erred in failing to instruct the jury to make an independent finding as to the voluntariness of both the written and oral confessions or statements of the defendant.

If we understand the contention presented by this ground of error, it is that the jury as well as the trial judge must make independent findings on the issue of voluntariness before the confession is read to the jury. With such contention we are unable to agree.

The admissibility of the confession is determined by the court. When found to be voluntary and admissible it may be read to the jury.

The instruction to be given the jury when there is evidence before it as to voluntariness, etc., relates to their consideration of the confession—not its admissibility. Art. 38.22 V.A.C.C.P.

Ground of error No. 6 complains of the refusal of the court to grant a mistrial after state's witness Ashcraft, on cross-examination, was asked and answered:

"Q. Mr. Garcia, I hand you Defendant's Exhibit Number 1, and ask you to examine—

"A. I am not Mr. Garcia.

"Q. I am sorry Mr. Ashcraft.

"A. What did you want to know, Mr. Lee?

"Q. I ask you to examine it.

"A. Yes sir, I have examined it.

"Q. All right.

"A. That is another rape."

The trial judge instructed the jury to disregard the statement.

Under the record which shows that the 20 year old girl, who testified that she was a virgin, was raped by appellant five times and six times by his co-principals in his presence, the failure of the trial judge to declare a mistrial is not error. The answer of the witness was not so prejudicial as to constitute ground for reversal.

After this appeal had reached this court, but before it was submitted, the Supreme Court of the United States handed down its decision in Witherspoon v. State of Illinois, et al, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (decided June 3, 1968). Appellant was permitted to file supplemental brief presenting the contention that the jury which assessed his punishment at death was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious scruples against its infliction.

Transcript of the voir dire examination of the venire reflects that some jurors who answered that they had conscientious scruples against the infliction of death as punishment for crime were challenged and excused without further examination and without objection. However, the record

leaves no doubt that the court and counsel for the state recognized the correct test followed in this state in passing on challenges made to prospective jurors for cause under section b(1) of Art. 35.16 V.A.C.C.P., which provides:

"(b) A challenge for cause may be made by the state for any of the following reasons:

1. That the juror has conscientious scruples in regard to the infliction of the punishment of death for crime, in a capital case, where the State is seeking the death penalty; * * *."

We quote from the voir dire examination in this regard of some of the first veniremen:

James R. Yancy:

"Q. Now, let me ask you this sir; do you have any conscientious scruples against infliction of the death penalty in a proper case?

"A. Yes, sir. I don't believe I could take another man's life this way.

"Q. Is it your thought then, that your conscience and your scruples, religious, moral or whatever they may be, prohibits you from giving the death penalty?

"A. Yes, sir. I don't say that I wouldn't take another life if the cause granted, but as far as me—

"Q. Sitting as a Juror—

"A. Sitting as a Juror, I don't believe I could."

M. C. Hoffpower:

"Q. * * * Now, the punishment as set by the laws of Texas; should a person be convicted of rape, is by death, by confinement in the penitentiary for life, or for any term of years not less than five. Now, based upon that, let me ask you, the law and the punishment attached thereto; do you have any conscientious scruples against infliction of the death penalty?

"A. No.

"Q. To make sure you fully understand what we are talking about in conscientious scruples against the infliction of the death penalty. We are not talking about this case or I am not talking about this case, but where the facts show that there has been a brutal rape and hideous crime committed, there is no question about that, and where the law prescribes that the penalty of death may be inflicted, could you vote a death penalty?

"A. Yes, sir.

"Q. Your morals and beliefs would not prohibit you from doing such?

"A. No."

Shirley K. Smallwood:

"Q. * * * Now, as punishment for the offense of rape or one who is convicted of it, he may be punished by death or by confinement in the penitentiary for life or for any term of years not less than five. Now, with this in mind, let me ask you; do you have any conscientious scruples against the infliction of death as a punishment for crime?

"A. No.

"Q. Let me make sure that I fully understand your answer and that you understand my question. In this case, the State is asking for the death penalty. Now, take a case, not this particular case but if the evidence and the testimony is strong enough, and if you believe beyond a reasonable doubt that the testimony and the evidence, and if the law as above authorizes the death penalty, then, will your conscience

allow you to give the death penalty, if you think it is the right thing to do?

"A. Yes."

On cross-examination:

"Q. All right, now, Mr. Bass asked you awhile ago in a proper case, you would have no conscientious scruples against the infliction of the death penalty, by the same token, if a crime was not of a supreme type crime that required the death penalty, would you have any conscientious scruples against assessing a lower penalty than that?

"A. No, sir."

Mrs. Don Copeland:

"Q. Now, the Texas Law defines the punishment that may be inflicted upon a conviction of a crime of rape, and the punishment set forth is this; death or by confinement in the penitentiary for life or by confinement in the penitentiary for any term of years for not less than five. Now, bearing in mind the foregoing punishment, do you have any conscientious scruples against the infliction of the death penalty?

"A. No, sir, I don't.

"Q. So that we fully understand each other, Mrs. Copeland, the State is asking for the death penalty in this case. If you were chosen as a Juror, and the testimony was strong enough, and the law authorized it, and the proof is beyond a reasonable doubt that the crime had been committed, and you believed that the death penalty should be given, will your conscience allow you to give that death penalty?

"A. Yes sir, it would."

Mr. John H. Brown, Jr.:

"Q. * * * Keeping this in mind, Mr. Brown, do you have any conscientious scruples against the infliction of the death penalty?

"A. No.

"Q. Are you positive in that answer of no?

"A. Yes.

"Q. So, that we fully understand each other in this case, the *case* is seeking the death penalty, and if the testimony is strong enough, and the law does authorize it and it is proved beyond a reasonable doubt, and you believe that the death penalty should be given, would your conscience allow you to vote the death penalty?

"A. Yes."

W. C. Parks:

"Q. Now, *under the same law sets* the punishment that may be applied upon conviction for the offense of rape and that punishment is: 1, death, another is by confinement in the penitentiary for life or the 3rd is for confinement in the penitentiary for any term of years not less than five. Now, bearing in mind what I just stated to you, do you have any conscientious scruples against the infliction of the death penalty?

"A. Yes, sir.

"MR. BASS: Challenge for cause, Your Honor.

"MR. WHITWORTH: Could I ask a question?

"THE COURT: Go ahead.

"EXAMINATION BY MR. WHITWORTH:

"Q. Mr. Parks, you say you do have conscientious scruples. Now, by that, do you mean regardless of the circumstances that you could not bring in a verdict to punish by the death penalty?

"A. I feel like that's right.

"Q. In other words, your answer is, a total unqualified answer?

"A. Yes."

Mrs. Ned Joiner:

"Q. * * * Now, keeping in mind what the punishment is, Mrs. Joiner, do you have any conscientious scruples against the infliction of the death penalty?

"A. Yes sir, I do.

"MR. BASS: Challenge for cause, Your Honor.

"MR. WHITWORTH: May we question her?

"THE COURT: Go ahead.

"EXAMINATION BY MR. WHIT-WORTH:

"Q. Mrs. Joiner, you say you have conscientious scruples against the death penalty or capital punishment, by that, do you mean regardless of the facts and circumstances of any given case where the law authorizes the death penalty regardless of the facts, you could not in good conscience, return a verdict of death?

"A. No sir, I couldn't.

"Q. You could not?

"A. No.

"THE COURT: You are excused."

The fact that one or more veniremen may have been excused on challenge for cause without a full showing that they would not in any case vote for the death penalty does not mean that the jury was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or that the state "stacked the deck" against appellant.

It means simply that counsel for the defense did not see fit to examine them further, either because he did not want the particular juror or because he was satisfied that they understood that, having scruples against the death penalty, they would not consider voting for the death penalty in any case.

The record reflects that the state did not exhaust its peremptory challenges and the question of whether the court erred in sustaining a particular challenge for cause is not presented as ground for reversal.

Pittman v. State, Tex.Cr.App., 434 S.W.2d 352, sustains our conclusion that Witherspoon v. State of Illinois, supra, is not authority for setting aside this death penalty conviction.

As to remand for assessment of punishment, see Ellison v. State, Tex.Cr.App., 432 S.W.2d 955, and Ex parte Bryan, Tex.Cr.App., 434 S.W.2d 133.

The judgment is affirmed.