**Tommy TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45395.**

Court of Criminal Appeals of Texas.

July 11, 1973.

Rehearing Denied Sept. 19, 1973.

Stonewall Van Wie III, Corpus Christi, Court appointed on appeal, for appellant.

William B. Mobley, Jr., Dist. Atty., Robert Thorpe and John Potter, Asst. Dist. Attys., Corpus Christi, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of robbery by firearms. Punishment was assessed at 33 years' confinement.

Appellant alleges eight grounds of error; however, several of them overlap and, basically, only four separate complaints are raised.

■ The voluntariness of a confession is first challenged. The court conducted a separate hearing to determine this issue. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The police captain who took the statement testified that appellant was given the statutory warnings before the statement was taken. He further testified that no threats or promises were made, and no trickery was used in obtaining the confession. Another police officer testified that he administered the warnings to appellant before the confession was made; he stated that appellant said he fully understood the warnings. This officer testified that he observed appellant sign the statement, and knew of no promises or threats used to induce the confession.

Appellant's mother testified that she was present when the statement was taken and that the police told her that appellant's trial would never come up if he would sign the statement. She further stated that appellant was promised a reduction in bail if he would sign the confession.

Appellant testified to substantially the same effect. He admitted signing the statement, but said he did so because of the following: he alleges that the police told him that if he did not sign, they would implicate his brother in the offense and that charges of possession of heroin and theft by bailee would be filed against him. Appellant also claims he was denied medical treatment until he signed the confession.

The trial court entered findings of fact and law, concluding that the confession was voluntarily and freely made by the appellant.

The present case is similar to Morris v. State, 488 S.W.2d 768 (Tex.Cr.App.1973). There, as here, there was contradictory evidence as to the voluntariness of the statement. In the present cause, no abuse of discretion is reflected in the trial judge's actions; we conclude that the trial judge had sufficient evidence to find that the

confession was voluntarily made. Appellant's first ground is overruled.

■ In his second ground, appellant contends that the court erred in admitting the confession into evidence since the State did not prove before the jury that it was freely and voluntarily given. He argues that the State had the burden, even after the *Jackson* hearing, to show that he was given the Miranda warnings, that he executed the document, etc. In effect, appellant would *require* a second *Jackson* hearing, but before the jury this time.[1]

Article 38.22, Vernon's Ann.C.C.P., states, in part:

"In all cases where a question is raised as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause. Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. Upon the finding by the judge as a matter of law and fact that the confession or statement was voluntarily made, evidence pertaining to such matter *may* be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the confession or statement was voluntarily made, the jury shall not consider such statement or confession for any purpose nor any evidence obtained as a result thereof. . . ."
[Emphasis added]

This Article was complied with in the instant case, as was Jackson v. Denno, supra. Lopez v. State, 384 S.W.2d 345 (Tex.Cr.App.1964); see also Harris v. State, 465 S.W.2d 175 (Tex.Cr.App.1971).

Further, the appellant offered *no* testimony on the voluntariness of the statement before the jury. Therefore, our only concern must necessarily be the admissibility of the confession as a matter of law. Morris v. State, supra. We have already resolved this point, adversely as to appellant's contentions. We reiterate that appellant could have presented evidence to the jury on the issue had he so chosen. The effect of his not doing so was to leave unchallenged the judge's finding following the *Jackson* hearing, and the State did not have the burden to offer that same evidence before the jury. The admissibility of the confession was determined by the trial court. After it was found to be voluntary, it was proper to read it to the jury. Scott v. State, 434 S.W.2d 678 (Tex.Cr.App.1968) cert. denied, 395 U.S. 925, 89 S.Ct. 1781, 23 L.Ed.2d 242 (1969); see the United States Supreme Court's recent decision in Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

■ Appellant next argues that the court erred in refusing to strike certain portions of the confession, since they related to offenses extraneous to the offense in question. We are referred to that portion of the record wherein the State began to read the confession to the jury. Defense counsel voiced a lengthy objection, attacking the statement as containing hearsay, prejudicial and irrelevant matters and extraneous offenses. The only alleged extraneous offense referred to in the objection was "that he [appellant] is a narcotic addict. . . ."[2]

We have examined the record and the confession itself. Defense counsel never

---

1. Appellant cites as authority a 1942 decision, which, of course, predated the present requirements of Article 38.22, V.A.C.C.P.

2. The status of being a narcotic *addict* is not an offense. Art. 725b, Vernon's Ann.P.C.

made a request to strike certain portions of the statement. Even if the court saw fit to take the objection as a request to delete, the appellant failed to point out which portions of the confession he considered as containing extraneous offenses. The confession refers, factually, to a car theft, the robbery charged, an assault, at least one traffic violation, a previous jail confinement, and possession of heroin.

██ It is not the duty of the trial judge to ferret out the objectionable portions of a confession, unless and until he is put on notice by trial counsel what is being objected to. In the present case, portions of the confession were certainly admissible. Appellant's general objection failed to give the trial judge an opportunity to delete the improper parts and retain the rest. Espalin v. State, 90 Tex.Cr.R. 625, 237 S.W. 274 (1921); Hall v. State, 141 Tex.Cr.R. 607, 150 S.W.2d 404 (1941).

Appellant's last ground objects to the confession again, this time because, appellant alleges, no testimony was heard by the jury that he was actually the one who signed the confession. Without reaching the merits of such an argument, we note that such an objection was never voiced during the trial. Nothing is presented for review. Salas v. State, 486 S.W.2d 956 (Tex.Cr.App.1972).

Finding no reversible error, the judgment is affirmed.

ONION, Presiding Judge (concurring).

The majority apparently misconstrues appellant's ground of error as to the admissibility of his confession, over objection, without the proper predicate being laid. The majority construes the same as a request for a second Jackson v. Denno hearing before the jury.[1] This was not the basis of the objection. Following a separate hearing, in absence of the jury, the court concluded as a matter of law and as a matter of fact that the confession was voluntary and admissible. Upon the return of the jury, the District Attorney, without more, began to read from the confession. The appellant objected stating no predicate had been laid *in the presence of the jury* to show that the proper warnings, required by Article 38.22, Vernon's Ann.C.C.P., and the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), had been given, and no showing that the appellant had signed and executed the confession. After a conference in chambers the trial judge overruled the objection and permitted the prosecutor to immediately read the confession without any prima facie predicate being laid for its admissibility in the presence of the jury.

The appellant contends he subsequently offered no evidence challenging the voluntariness of the confession in the presence of the jury because he was relying upon the error of the court in permitting the jury to consider the extra-judicial confession without any prima facie predicate showing that he had executed the same or had received prior to giving the confession the statutory and constitutional warnings.

It appears to be appellant's contention that if there had been no separate Jackson v. Denno hearing the State would have been required to lay a proper predicate for the introduction of the confession, and that the existence of a separate hearing did not

---

1. Under the Massachusetts rule adopted by this court in Lopez v. State, 384 S.W.2d 345 (Tex.Cr.App.1964), and by the enactment of Article 38.22, Vernon's Ann.C.C.P., by the Legislature following the decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), an accused is entitled to raise the issue of voluntariness and present evidence thereon and have the issue of voluntariness and admissibility submitted to the jury under appropriate instructions. The jury may still disregard the confession and by its own deliberation, under instruction, find it to have been involuntarily given despite the fact of a separate hearing before the court finding the confession voluntary. *Cf.* Harris v. State, 457 S.W.2d 903, 916 (Tex.Cr.App.1970), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971).

relieve the State of this burden as the jury, by virtue of Article 38.22, supra, is not to be informed of the court's findings in regard to a separate hearing to determine the voluntariness of the confession.

The State appears to argue that, in the circumstances of the instant case, no predicate in the presence of the jury was required as the court, in the jury's absence, had already determined the voluntariness and admissibility of the confession and that after the confession was read to the jury the appellant was free to raise the issue of voluntariness, and then, and only then, would the State be required to prove before the jury that the warnings required by the statute and the *Miranda* decision were given and that the appellant executed the same.

In 24 Tex.Jur.2d Evidence § 671, pp. 274–276, it is written:

"The prosecution has the burden of proving that a confession of the accused is admissible in evidence. More specifically, before a confession can be admitted in evidence, the prosecution must lay a proper predicate for its admission by showing that the accused made it voluntarily in the absence of force or improper inducement. Furthermore, if the confession was made while the accused was under arrest or in confinement, the prosecution must show that the provisions of the statute governing the admissibility of confessions made under arrest or in confinement have been complied with or that the confession is admissible under an exception to such provisions."

Further, it has been held that the admissibility of a written confession is controlled by the general rule relative to admission of documents by showing execution thereof by the party charged to have executed it. Beltran v. State, 144 Tex.Cr.R. 338, 163 S.W.2d 211 (1942); Richardson v. State, 92 Tex.Cr.R. 526, 244 S.W. 1021 (Tex.Cr. App.1922).

Nothing in Article 38.22, supra, as amended in 1967, in my opinion, changes the foregoing rules.

In my opinion, the court erred in failing to require the State to lay a prima facie predicate so that the jury would have evidence that the appellant did, in fact, sign the confession after he had been administered the proper warnings. I conclude, however, the error to be harmless error. After the admission of the confession before the jury, subsequent testimony did reflect that the appellant was properly warned. Further, while no evidence was offered before the jury that appellant signed the confession, the testimony offered before the court showed that he did execute it and appellant makes no claim that he did not sign the confession but only claims he was improperly induced to sign it. Under these circumstances, I cannot conclude that failure to lay the proper predicate calls for a new trial in this case. *Cf.* Richardson v. State, supra.

In concurring I must further point out my disagreement with the majority's view that since the appellant offered no testimony on the confession's voluntariness that " . . . our only concern must necessarily be the admissibility of the confession as a matter of law. Morris v. State," (488 S.W.2d 768 (Tex.Cr.App.1973)). If *Morris,* in which this writer did not participate, stands for the proposition that an accused waives any question of the voluntariness of a confession as a matter of fact by not offering evidence thereon in the jury's presence following an adverse ruling by the court in a separate hearing, then *Morris* is wrongly decided.

Further, I would note that nothing in Scott v. State, 434 S.W.2d 678 (Tex.Cr. App.1968), cert. den. 395 U.S. 925, 89 S.Ct. 1781, 23 L.Ed.2d 242, cited by the majority, supports the theory that no predicate need be laid in the jury's presence if there has been a separate Jackson v. Denno hearing.

For the reason stated, I concur.