Jones Sr-CR v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-264-CR & 10-92-265-CR

     CHARLES RAY JONES, SR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 19,124-CR & 19,259-CR
                                                                                                    

O P I N I O N
                                                                                                    

      No. 10-92-264-CR is an appeal by defendant Charles Ray Jones, Sr. from his conviction for
aggravated sexual assault on Charles Ray Jones, Jr. for which he was assessed 99 years in the
Institutional Division of the Texas Department of Criminal Justice, plus a $1,000 fine.
      No. 10-92-265-CR is an appeal by defendant Charles Ray Jones, Sr. from his conviction on
six separate counts of aggravated sexual assault on Jennifer Jones, for which he was assessed in
each count, 99 years in the Institutional Division of the Texas Department of Criminal Justice,
plus a $1,000 fine.
      The indictment in No. 10-92-264-CR alleged that on January 1, 1992, defendant intentionally
and knowingly caused the penetration of the mouth of Charles Ray Jones, Jr., a child under 17
years of age, by the insertion of defendant's sexual organ and by acts and words did threaten and
place Charles Ray Jones, Jr. in fear of serious bodily harm. Charles Ray Jones, Jr. is the son of
defendant.
      The indictment in 10-92-265-CR alleged six counts of aggravated sexual assault:
Count I: that on January 1, 1992, defendant did intentionally and knowingly cause
the penetration of the mouth of Jennifer Jones, a child under the age of 14, by insertion
of defendant's sexual organ.
Count II: that on October 1, 1991, defendant did intentionally and knowingly cause
his sexual organ to contact the sexual organ of Jennifer Jones, a child under age 14.
Count III: that on November 15, 1991, defendant did intentionally and knowingly
cause his sexual organ to contact the sexual organ of Jennifer Jones, a child under age 14.
Count IV: that on December 15, 1991, defendant did intentionally and knowingly
cause his sexual organ to contact the sexual organ of Jennifer Jones, a child under age 14.
Count V: that on September 15, 1991, defendant did intentionally and knowingly
cause the penetration of the female sexual organ of Jennifer Jones, a child under age 14,
by insertion of the defendant's sexual organ.
Count VI: that on September 30, 1991, defendant did intentional and knowingly
cause the penetration of the female sexual organ of Jennifer Jones, a child under age 14,
by insertion of the defendant's sexual organ. 
Jennifer Jones is the daughter of defendant.
      Defendant pled guilty to Counts II, III and IV of No. 10-92-265-CR above; and pled not guilty
to No. 10-92-264-CR, and not guilty to Counts I, V and VI of No. 10-92-265-CR.
      The cases were tried together. There is a common statement of facts. Defendant was
represented by same counsel at trial and on appeal.
      As noted, defendant was convicted in No. 10-92-264-CR and on all six counts in No. 10-92-265-CR. On appeal, defendant asserts in both cases:
      Point one: "The trial court erred in the admission of testimony of extraneous offenses,
crimes, wrongs, or acts which were unadjudicated."
      Defendant was arrested on April 29, 1992, and he gave a written statement to Chief Charles
Sullins of the Red Oak Police Department on April 30. He filed a motion to suppress his written
statement on the voluntariness of the confession which was heard and denied by the trial court
prior to trial of the two cases.
      On hearing of the motion to suppress and at trial of the two cases, Chief Sullins testified that
he took defendant's statement after giving all the required warnings and that defendant freely and
voluntarily gave and signed the confession. The State offered the confession, defendant objected
"under Rules 401, 403 and 404(b)," which objection was overruled by the trial and the statement
admitted into evidence.
      The statement of six-typed pages, relates that defendant has a 12-year-old daughter, Jennifer;
that on many occasions he had sexual contact with her; that he "rubbed her pussy", "rubbed her
tits", "rubbed my penis up and down the hair line on her pussy", "played with her tits and then
put my hand between her legs and started playing with her pussy", "rubbed my penis between her
legs", "Jennifer then put my penis inside her mouth", and "I let my penis slide up and down her
pussy for five minutes". The statement further recited three instances where defendant stated he
"rubbed his son Charles's dick", "played with his penis", and "sucked on his penis for about five
minutes".
      The statement identifies at least three of the instances relating to Jennifer as occurring at a
time corresponding to times alleged in counts I, III and IV of the indictment in cause No. 10-92-265-CR. As noted, defendant objected to the admission of the statement "under Rules 401, 403
and 404(b)." Defendant never identified the precise portions of the confession he alleged were
extraneous offenses. His objection referred to the entire confession generally and did not refer
to any specific portion of the instrument.
      An objection to an exhibit must identify what is being objected to, and it is defective if it is
levelled at the entire exhibit instead of being restricted to the portion made the subject of the
ground of error. Hernandez v. State, (Tex. Crim. App.) 599 S.W.2d 614, 617. If the contents
of an exhibit are such that some portions, but not all, are admissible, it is incumbent upon the
objecting party, if he wishes to preserve error, to identify and specify the exact portions of the
exhibit sought to be excluded and state the grounds for such objection. Buckley v. State, (Tex.
Crim. App.) 630 S.W.2d 740, 743. In Taylor v. State, (Tex. Crim. App.) 498 S.W.2d 346, the
defendant made a written confession which factually referred to the robbery for which he was
being tried, plus a car theft, an assault, and possession of heroin. During trial for the robbery,
defendant's counsel objected generally to the admission of the confession because it contained
evidence of extraneous offenses. The trial court overruled defendant's objection and admitted the
confession. On appeal, the Court of Criminal Appeals held: "Defense counsel never made a
request to strike certain portions of the statement. Even if the court saw fit to take the objection
as a request to delete, the [defendant] failed to point out which portions of the confession he
considered extraneous offenses. It is not the duty of the trial judge to ferret out the objectionable
portions of a confession unless and until he is put on notice by trial counsel of what is being
objected to. In the present case, portions of the confession were certainly admissible. Appellant's
general objection failed to give the trial judge an opportunity to delete the improper parts and
retain the rest."
      Here, much of defendant's confession was admissible. He pled guilty to counts II, III and IV
of the indictment in Cause No. 10-92-265-CR, and the confession identifies very closely three
instances occurring at the time alleged in counts I, III and IV of the indictment. A general
objection, as here, to evidence, a part of which is inadmissible, is not sufficient to preserve error
for review. Wintters v. State, (Tex. Crim. App.) 616 S.W.2d 197, 202; Weber v. State, (Tex.
App.—Beaumont) 829 S.W.2d 394; Taylor, supra. 
      In any event, the admission into evidence of any alleged extraneous offenses in defendant's
confession was harmless. He pled guilty to three counts of aggravated sexual assault on his 12-year-old daughter and the testimony of his son and daughter regarding the offenses defendant was
charged with is unequivocal. 
      Texas Rules of Appellate Procedure 81(b)(2) provides: "If the appellate record in a criminal
case reveals error in the proceeding below, the appellate court shall reverse the judgment under
review, unless the appellate court determines beyond a reasonable doubt that the error made no
contribution to the conviction or to the punishment."
      Assuming, without deciding, that the admission of the confession was error, we hold beyond
a reasonable doubt that its admission made no contribution to the conviction or punishment of the
defendant. Point one in both cases is overruled.
      Point two: In case No. 10-92-265-CR only, defendant additionally asserts "the trial court
erred in the denial of [defendant's] counsel's motion for instructed verdict based on the lack of
testimony as to venue and jurisdiction or clarity as to jurisdiction."
      Defendant contends there was no evidence that the offenses alleged in the six counts of the
indictment took place in Ellis County. A challenge to a trial court's ruling on a motion for an
instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the
conviction. We consider all of the evidence, both State and Defense, in the light most favorable
to the verdict. Madden v. State, (Tex. Crim. App.) 799 S.W.2d 683, 686; Moreno v. State, (Tex.
Crim. App.) 755 S.W.2d 866. If the evidence is sufficient to sustain the conviction, then the trial
judge did not err in overruling the motion for instructed verdict. Madden, supra; see also Harris
v. State, (Tex. App.—Houston [14th Dist.]) 790 S.W.2d 778, 779; Arizmendez v. State, (Tex.
App.—Houston [14th Dist.]) 807 S.W.2d 436, 437.
      Jennifer Jones testified to six different aggravated sexual assaults occurring at her home and
committed by defendant beginning in September 1991, and continuing through the first part of
1992. Charles Jones, Jr. testified that the family, including Jennifer, had moved from Hampton
Road in Glen Heights to Red Oak in September 1991. Defendant's confession, which was
admitted, stated their address was in Red Oak at 507 West Red Oak Road. Chief Sullins of the
Red Oak Police department testified he was familiar with the Red Oak address and that it was in
Ellis County.
      We think the evidence is sufficient to prove that the Jones family moved to Red Oak in
September 1991, that this was in Ellis County, and that all sexual assaults, testified to by Jennifer
Jones, occurred during September 1991, continuing into 1992, and therefore occurred in Ellis
County. Point two is overruled.
      The judgments are affirmed in both cases.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 26, 1993
Do not publish